IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD; BLOOMBERG L.P.**, <br><br> *Plaintiffs,* <br><br> v. <br><br> **U.S. DEPARTMENT OF JUSTICE**, <br><br> *Defendant.* | Case No. 1:24-cv-00522-RBW |

**JOINT STATUS REPORT**

In accordance with this Court's Order on April 12, 2024, Plaintiffs Jason Leopold and Bloomberg L.P. ("Plaintiffs") and Defendant U.S. Department of Justice ("Defendant" or "DOJ") have conferred regarding the status and schedule for this Freedom of Information Act ("FOIA") case. The parties hereby submit this Joint Status Report.

**I.  Background**

This case concerns three FOIA requests in which Plaintiffs sought the following material relating to Special Counsel Robert Hur's investigation of President Joe Biden's handling of classified information:

1) A copy of the interview transcripts documenting the interview Special Counsel Robert Hur or his investigators conducted with President Joe Biden during their investigation into President Biden's handling of classified records found at his think tank and residence.

2) Interview transcripts of all parties who were interviewed during Special Counsel Robert Hur's yearlong investigation into President Biden's handling of classified documents discovered at his residence and think tank.

3) The following additional records relating to the investigation:

1

    a) All emails (including attachments), sent and received by Special Counsel Hur and his investigators and agents (including attachments), text messages, memos, legal guidance and legal opinions, referencing President Joe Biden's memory or lack of memory thereof.

    b) All emails, text messages, memos, letters, legal opinions and legal guidance, referencing former President Trump, Jack Smith, 18 USC 1924, classified records, presidential records, Top Secret, Special Access Programs.

    c) Copies of all US government credit receipts from Special Counsel Robert Hur and his investigators and agents documenting all expenditures during the Special Counsel's investigation into President Biden's handling of classified information found at his residence and his think tank.

    d) All emails Special Counsel Robert Hur and his team of investigators and agents sent to and received from the NARA.gov and eop.gov domains and all letters and memos and text messages Special Counsel Robert Hur and his team of investigators and agents exchanged with the White House and

    e) All memos, letters, emails (including attachments), text messages, Special Counsel Robert Hur and his team of investigators and agents sent to and received from the Office of Attorney General Merrick Garland, Deputy Attorney General Lisa Monaco and the Office of legal Counsel.

    f) Any damage assessment the Office of Special Counsel Robert Hur obtained from the Office of Director of National Intelligence referencing President Joe Biden's handling of classified records.

Amended Complaint at 2-5, ECF No. 12.

Since Plaintiffs filed their Amended Complaint, Defendant has produced redacted copies of written transcripts of President Biden's interviews with Special Counsel Hur, which Plaintiffs sought in their first FOIA request. The parties have subsequently conferred regarding the status of Plaintiffs' remaining requests.

Plaintiffs have agreed to prioritize a subset of records responsive to their second FOIA request, regarding transcripts, and are not currently requesting searches or processing for their third FOIA request. The parties have been unable to reach an agreement regarding a plan to process the records responsive to the second FOIA request. Below are the parties' respective position statements.

## II.     Plaintiffs' Position Statement

The records at issue in this case are interview transcripts from Special Counsel Robert Hur's investigation into President Biden's handling of classified records. The DOJ correctly granted expedited processing on February 23, 2024, but to date has produced no records. The Hur Report indicates that there were 173 interviews. Hur Report at 23, www.justice.gov/storage/report-from-special-counsel-robert-k-hur-february-2024.pdf.    The parties have been unable to reach an agreement on processing of the request.

Plaintiff requests that the Court order the DOJ to provide Plaintiff by May 17, 2024, with a list of each transcript by name of interviewee (or if the DOJ contends the name is exempt, a general description akin to those provided in the Hur Report, such as "Military Aide 5") and the number of pages for such transcript; that Plaintiff identify up to 3000 pages of transcripts from that list by May 24, 2024, for expedited processing; that the DOJ complete its expedited review and send out any consultations or referrals by August 1, 2024; that any agencies sent consults or referrals complete them and respond to the FBI by September 1, 2024 (or promptly file a motion with the Court,

including under seal if appropriate, showing good cause for additional time); that the DOJ complete that expedited production by October 1, 2024; and that the DOJ process the remaining records at a rate of 300 pages per month beginning November 1, 2024. *See* Order, *Leopold, et al. v. Dep't of Justice, et al.*, Civ. A. No. 19-1278 (RBW), ECF. No. 88 (D.D.C. entered Sept. 4, 2020); *see also Am. Oversight v. U.S. Dep't of State*, 414 F. Supp. 3d 182, 188 (D.D.C. 2019) (ordering completion of processing in approximately 30 days of narrowed set of records for which expedited processing had been granted five months earlier).

### III. Defendant's Position Statement

According to the Special Counsel's report, the Office "conducted 173 interviews of 147 witnesses." Report at 29. The Special Counsel report includes the names or descriptions of certain individuals who were interviewed by the Special Counsel's Office. Thus, the total number of witnesses interviewed but not named or described in the report is readily ascertainable by the public. Defendant disagrees with Plaintiffs' proposal to the extent that it would require the government to provide a list of anyone who may have been interviewed who was not listed in the Special Counsel's report. This requirement would likely involve extensive consultations with other agencies and would require the government to create their own general descriptions of personnel that are not identified in the report, which could involve information that is itself exempt under FOIA. This process would involve something akin to the creation of records, which FOIA does not require, and is not feasible by Plaintiffs' proposed date of May 17, 2024.

Defendant alternatively agrees to provide Plaintiffs with a list of transcripts and their corresponding page counts for the interviews that are cited in the report, by May 24, 2024. Defendant proposes that by May 31, Plaintiffs would select up to 2000 pages of transcripts to be processed on an expedited basis. Defendant would process these records and anticipates producing any

responsive, non-exempt portions to Plaintiff by October 1, including any consultations. Defendant would process the remaining transcripts and other records at a rate of 300 pages per month thereafter, and produce any responsive, non-exempt records on a monthly rolling basis. Defendant further proposes that in order to help expedite the processing, it be permitted to assert Exemptions 5, 6, or 7(C) over any responsive records that it believes are subject to withholding under any of those exemptions, while preserving Defendant's right to assert at a later date other underlying exemptions over the same information, should the Court determine that Exemptions 5, 6, or 7(C) do not apply. Finally, Defendant proposes that the parties submit a Joint Status Report ("JSR") by October 15, 2024, and every 60 days thereafter, updating the Court. After the final production, the parties will submit a JSR identifying whether any issues remain and proposing a briefing schedule if necessary.

DATED: May 9, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Cameron Silverberg*
CAMERON SILVERBERG
Trial Attorney (D.C. Bar No. 1780628)
United States Department of Justice
Civil Division, Federal Programs Branch
Tel.:   (202) 353-9265
Fax:   (202) 616-8470
Email: Cameron.D.Silverberg@usdoj.gov

*Counsel for Defendant*

*/s/ Merrick Wayne*
Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
Stephen Stich Match, D.C. Bar No. MA0044

LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
(Tel:) 312-243-5900
foia@loevy.com

*Counsel for Plaintiff*